Dykman, J.
On the first day of May, 1873, Francis Creed, Franklin Sweet and his wife, and Clement Sweet, assembled themselves together at a certain place in Dutchess county for the consummation of a transaction in relation to real estate. What they did in that assembly was this: Francis Creed executed and delivered to Franklin Sweet a *878 deed of conveyance for a farm of land, for the consideration of $2,500, $500 of which was paid in cash, and the balance was secured by the execution of the mortgage in question by Franklin Sweet to Francis Creed. Francis Creed executed and delivered a release t.o Franklin Sweet of about five acres of the same land from the operation of his mortgage, and Franklin Sweet and his wife executed and delivered to Clement Sweet a deed of conveyance for the five acres so released, for the consideration of $150, which was paid in cash, and went to make up the $500 paid in cash to Franklin Sweet.
The mortgage for $2,000 has come to the plaintiff by several mesne assignments, and this action is brought for its foreclosure, and the claim of the plaintiff is, that it covers the whole of the premises which it describes, and includes within its grasp the five acres conveyed to Clement Swreet.
The trial court decided that the five acres never were included in the mortgage, and the plaintiff has appealed.
Our views coincide easily with the decision of the special term. The transaction between the parties was an entire one, and free from all intricacy, and the law will write up the legal result. Francis Creed evinced no intention or expectation of holding the five acres within his mortgage, and Clement Sweet paid his money for the same on the delivery of his deed of conveyance, in the full expectation that his title was perfect, and all the other parties coincided in that belief. If his release was informal it was not invalid. He received the money paid by Clement Sweet, and with that money in his pocket, and his release in the hands of his mortgagor, it would be quite inequitable to permit him to gainsay and avoid the same.
. The plaintiff is in the place of the original mortgagee, and received by her assignment no more than he had to bestow. She is subject to all the equities that controlled him.
The judgment should be affirmed, with costs.
Pratt, J., concurs._